**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BOOMERANG SYSTEMS, INC., et al., ) | |
| ) | Case No. 15-11729 (MFW) |
| Debtors. ) | Jointly Administered |
| ) | |
| _____ ) | |
| ) | |
| GAVIN SOLMONESE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 17-50549 (MFW) |
| ) | |
| TRUE LINE WIRE, GUIDANCE ) | |
| INSTALLATION, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of True Line Wire, Guidance Installation, Inc. (the "Defendant") to dismiss the Complaint of Gavin Solmonese, LLC (the "Liquidating Trustee") seeking the avoidance and recovery of a preferential transfer. The Defendant asserts the defenses found in sections 547(c)(2)(A) and 547(c)(2)(B) of the Bankruptcy Code as grounds for dismissal. For the reasons set forth below, the Motion to Dismiss will be denied.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of this Motion to Dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I.   BACKGROUND

On August 18, 2015, the Debtor and its affiliates (collectively, the "Debtors") commenced their chapter 11 bankruptcy cases.  On March 9, 2016, the Court confirmed the Debtors' Joint Plan of Liquidation (the "Plan").  The Plan established a liquidating trust and assigned to the trust certain estate assets, including causes of action.

On June 8, 2017, the Liquidating Trustee filed a Complaint to avoid and recover preferential transfers to the Defendant occurring during the ninety-day period prior to the commencement of the Debtors' bankruptcy proceedings.  (Adv. D.I. 1)

On July 17, 2017, the Defendant moved to dismiss the Complaint.  (Adv. D.I. 4.)  A notice of completion of briefing was filed on August 15, 2017, and this matter is now ripe for decision.  (Adv. D.I. 7.)

II.  JURISDICTION

The Court has jurisdiction over this adversary proceeding.  28 U.S.C. § 157(b)(2)(F).  The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order.  See, e.g., Stanziale v. DMJ Gas-Mktg. Consultants, LLC (In re Tri-Valley Corp.), Adv. No. 14-50446 (MFW), 2015 WL 110074, at *1 (Bankr. D. Del. Jan. 7, 2015), citing Boyd v. Kind Par, LLC, No. 11-CV-1106,

2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

III. DISCUSSION

    A.    Standard of Review

        1.    Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45 (1957).

        2.    Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of the factual allegations in the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

In weighing a motion to dismiss, the Court must undergo the three-part analysis outlined by the Third Circuit.  First, the Court must take note of the elements needed for a plaintiff to state a claim. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  Second, the Court must separate the factual and legal elements of a claim, accepting all of the complaint's well-pled facts as true and disregarding any legal conclusions. Id.; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 679).  Finally, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Santiago, 629 F.3d at 130.

    B.    Avoidance of Preferential Transfers

Section 547 of the Bankruptcy Code allows a trustee to recover a prepetition transfer of an interest of the debtor in property:

```
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the
debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made-
    (A) on or within 90 days before the date of the
filing of the petition . . .
(5) that enables such creditor to receive more than
such creditor would receive if-
    (A) the case were a case under chapter 7 of this
title;
```

```
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to
   the extent provided by the provisions of this title.
```
11 U.S.C. § 547(b).

The trustee must prove each element by a preponderance of the evidence. See Burch v. Opus, LLC (In re Opus East, LLC), 528 B.R. 30, 90, Adv. Pro. No. 11-52423 (MFW) (Bankr. D. Del. 2015). Thus, to satisfy Rule 8, the complaint must identify each alleged preferential transfer by the date of the transfer, the name of the debtor/transferor, the name of the transferee, and the amount transferred. See Tri-Valley, 2015 WL 110074, at *2; Valley Media, Inc. v. Borders, Inc. (In re Valley Media), 288 B.R. 189, 192, Adv. Proc. No. 01-11353 (PJW) (Bankr. D. Del. 2003).

The Defendant argues that the affirmative defenses found in sections 547(c)(2)(A) and 547(c)(2)(B) entitle it to dismissal of the Liquidating Trustee's claims for recovery of preferential transfers.

The Liquidating Trustee responds that sections 547(c)(2)(A) and 547(c)(2)(B) are not bases for dismissal. In addition, the Liquidating Trustee argues that its complaint gives a "short and plain statement" of facts that give rise to a plausible claim, satisfying both Rule 8 and Rule 12.

The Court agrees with the Liquidating Trustee. When deciding whether to dismiss a complaint, the Court does not consider affirmative defenses. In re Adams Golf, Inc., Securities Litigation, 381 F.3d 267, 277 (holding that "an

affirmative defense may not be used to dismiss a plaintiff's complaint . . . ."). See also, Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.), 2008 WL 4239120, at *3, Adv. Proc. No. 08-50248 (MFW) (Bankr. D. Del. Sept. 16, 2008) ("The Court agrees with the Trustee that an affirmative defense cannot form the basis of a motion to dismiss."). Rather, the Court examines the complaint to determine if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such circumstances do not exist here.

The Liquidating Trustee's complaint alleges that the Debtors transferred a check to the Defendant on May 22, 2015, in the amount of $35,400. (Adv. D.I. 1 at Ex. A.) This is within the preference period for the Debtors' case. Thus, the Court concludes that this allegation is sufficient to allege a preferential transfer.

To be sure, the Defendant may assert the affirmative defenses found in sections 547(c)(2)(A) and 547(c)(2)(B) at trial. Opus, LLC, 528 B.R. at 90 ("Once the Trustee has established that a payment constitutes an avoidable preference under section 547(b), the burden shifts to the Defendants to demonstrate by a preponderance of the evidence that one of the exceptions to avoidance is applicable."). However, these defenses are not grounds to dismiss the action under Rule 12.

C.  Defendant's Appearance Pro Se

The Liquidating Trustee also argues that the Defendant's pro se filing of the motion to dismiss was procedurally improper.

The Court agrees.  It is well-settled that a corporation must retain licensed counsel to appear in federal court.  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) (" . . . [A] corporation may appear in the federal courts only through licensed counsel.").  Such is also the case in Delaware courts.  <u>Transpolymer Industries v. Chapel Main Corp.</u>, 1990 Del. LEXIS 371, 1 (Del. 1990) ("While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act . . . before a court . . . through an agent duly licensed to practice law.").  Consequently, the Court will direct the Defendant to retain counsel before it may appear or file any further pleadings.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Motion to Dismiss will be denied.

An appropriate Order follows.

Dated: September 21, 2017

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge